IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THOMAS LEE RAMAGE, <br><br>         Petitioner <br><br> VS. <br><br> TERRY DUFFEY, Warden, <br><br>         Respondent | NO. 5:09-CV-202 (CAR) <br><br><br><br><br> PROCEEDINGS UNDER 28 U.S.C. § 2254 <br> BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

Before the court is the respondent Terry Duffey's motion seeking dismissal of the instant habeas corpus petition. Tab #6. In his brief in support of the motion, the respondent avers that, prior to filing the instant action, petitioner Thomas Lee Ramage failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner Ramage was ordered to respond (Tab #7) and has responded (Tab #11) to the respondent's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 30, 2000, at a Baldwin County, Georgia jury trial, petitioner Ramage was convicted on seven counts of child molestation (counts 1-4, 11, 14-15), incest (count 6), cruelty to children (count 8), and two counts of aggravated child molestation (counts 9-10). He received a sentence of twenty (20) years for each count, with the sentences for counts 6, 8-10, and 15 to be served consecutively to each other, and the sentences on the remaining counts to be served concurrently with each other and consecutively to count 15.

On December 15, 2000, through his trial counsel Kelly Reeves, the petitioner filed a motion for new trial. On May 28, 2002, prior to any hearing on the motion seeking a new trial, attorney Reeves surrendered his license to practice law thus ending his relationship with the petitioner. Thereafter, petitioner Ramage retained attorney Wayne Rogers to act as his appellate counsel. In February of 2004, attorney Rogers filed a notice of intent to withdraw. The stated basis for Rogers' request was the petitioner's alleged failure to cooperate. An order allowing withdrawal was entered on December 7, 2004.

Petitioner next retained attorney Calvin McMullen. A hearing on the petitioner's motion for new trial was then scheduled for January 27, 2006. On April 25, 2006, and in light of the fact that no hearing on his motion for new trial had yet been held, the petitioner filed a *pro se* motion asking that Mr. McMullen be relieved and that he be appointed a public defender. The petitioner's requests were granted. Thereafter, out of apparent frustration, the petitioner filed *pro se* motions with the trial court seeking a hearing on his motion for new trial. On June 16, 2009, the petitioner filed the instant *pro se* application for **federal** habeas relief. Tab #1.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

## DISCUSSION AND CONCLUSION

In response to the instant action, and in support of his motion seeking dismissal, the respondent begins by noting that petitioner Ramage is currently represented by an attorney in the Ocmulgee Circuit Public Defender's Office.  Moreover, the respondent states that the petitioner has been produced for hearings on his motion for new trial as recently as November 13, 2009, but that these hearings were continued <u>upon the petitioner's request</u> in order that testimony from the his former counsel could be obtained.  Finally, the respondent observes the petitioner's failure to even attempt to seek relief in a **<u>state</u>** habeas corpus action.

In view of the above, and in light of the fact that it is undisputed that the petitioner has failed to exhaust his available state judicial remedies prior to filing the instant petition, it is the opinion of the undersigned that the petition is not properly before this court.  Accordingly, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *<u>without prejudice</u>* to his right to re-file once he has exhausted his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 23rd day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE