IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **THOMAS LEE RAMAGE,** | : | |
| Petitioner, | : | Case No.: 5:09-CV-202 (CAR) |
| v. | : | |
| **TERRY DUFFEY, WARDEN,** | : | 28 U.S.C. § 2254 |
| Respondent. | : | |
| _____ | : | |

### *ORDER ON THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 15] to grant Respondent's Motion to Dismiss for Lack of Exhaustion [Doc. 6] Petitioner's Writ of *Habeas Corpus* [Doc. 1]. Petitioner has entered an objection to the Recommendation [Doc. 17], which primarily reasserts the basic allegations already in the record. Upon *de novo* review of the Recommendation and consideration of the matter, the Court agrees with the findings and conclusions of the United States Magistrate Judge. The Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. Respondent's Motion to Dismiss is hereby **GRANTED**, and the Petition is **DISMISSED** without prejudice.

Petitioner admits he has failed to exhaust his state court remedies. At no point during the nine years since Petitioner's conviction for multiple counts of child molestation, incest, and cruelty to children has he sought state *habeas* relief. Petitioner argues, nonetheless, that the fact he has been unable to obtain a new trial is proof in itself that his attempts at exhaustion are futile. He believes therefore that no adequate or effective state court remedy is available. Petitioner, however, points

only to the length of time that has passed and makes no showing to indicate that the state of Georgia has improperly denied him a new trial. In other words, Petitioner may have no legitimate legal basis for his claims.

Regardless, the record makes clear that Petitioner himself has repeatedly delayed any further consideration of his case. As the Magistrate Judge points out, Petitioner has been produced for state court hearings on his claims as recently as November 2009, but these proceedings were continued at Petitioner's own request so that he could have more time to prepare. Further, from the information provided by Petitioner in his Objection, it appears unlikely that this Court could have more timely addressed his claims than the state court. He has changed lawyers multiple times and insists that he must obtain an out-of-state deposition before proceeding on his claims. As such, petitioner has failed to exhaust his available state judicial remedies pursuant to 28 U.S.C. § 2254(b) and (c).

Accordingly, the Recommendation is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Respondent's Motion to Dismiss is hereby **GRANTED**, and the Petition is **DISMISSED** without prejudice.

**SO ORDERED,** this 26th day of March, 2010.

>                    S/ C. Ashley Royal
>                    C. ASHLEY ROYAL
>                    UNITED STATES DISTRICT JUDGE

THC/apg